UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RANGELINE CAPITAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-CV-1428-SNLJ |
| | ) | |
| FORREST L. PRESTON, LC | ) | |
| HEALTHCARE HOLDING | ) | |
| COMPANY, LLC, and LIFE CARE | ) | |
| CENTERS OF AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). Because this action has been removed from state court to this Court, defendants are seeking to invoke diversity jurisdiction; thus, the defendants have the burden of establishing federal subject matter jurisdiction. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).

The Notice of Removal (#1) asserts that the Court has jurisdiction over the action under 28 U.S.C. § 1332 because the lawsuit is between citizens of different states and the matter in controversy exceeds $75,000. The Notice alleges "Plaintiff is a limited liability

1

company organized under the laws of the State of Missouri with its principal place of business located in St. Louis, Missouri. . . . David B. Weiss ("Mr. Weiss") and entities affiliated with Mr. Weiss serve as the sole members and manager of Plaintiff. . . . Mr. Weiss is a citizen of the State of Missouri . . . . Therefore, Plaintiff is a citizen of the State of Missouri." (#1 at 2, ¶ 4.)

The Eighth Circuit has held that limited liability companies are citizens of every state of which any member is a citizen. *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Thus, the Court must examine the citizenship of *each* member of the plaintiff, including "entities affiliated with Mr. Weiss." Plaintiff's disclosure of organizational interests lists two members. (#12 at 2.) But one member is a corporation, and its citizenship is listed as "Missouri," without any reference to its state or incorporation or principle place of business. In any event, it is the defendants' burden in this case to establish subject matter jurisdiction. *In re Business Men's Assur. Co. of America*, 992 F.2d at 183. As such, the Court will grant defendants fourteen days to file an amended notice of removal that alleges facts showing the required diversity of citizenship. If defendants fail to timely and fully comply with this Order, the Court will remand the case for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by May 23, 2018, defendants shall file an amended notice of removal that shall allege facts establishing the citizenship of the plaintiff's limited liability company members.

**IT IS FURTHER ORDERED** that if defendants do not timely and fully comply with this order, this matter will be remanded for lack of subject matter jurisdiction.

So ordered this __9th__ day of May 2018.

                                                     STEPHEN N. LIMBAUGH, JR.
                                                     UNITED STATES DISTRICT JUDGE